CHANCERY. *Burnham vs. Oldham &c.*

Case 136. Error to the Madison Circuit; GEORGE SHANNON, Judge.

*Vendor and vendee. Set off in equity. Dower.*

December 2. Judge OWSLEY delivered the Opinion of the Court.

Contract for land.

BURNHAM purchased a tract of land of John R. Oldham, took Oldham's bond for a title, and his separate covenant to deliver the possession, and at the same time Burnham gave his notes to Oldham for the purchase money.

Judgment for part of the purchase money.

One of the notes, for $250 in Commonwealth's bank paper, afterwards, by assignment, was transferred to Crews, who brought suit thereon against Burnham, and recovered judgment at law for the amount thereof, Crews having endorsed his willingness to accept bank notes in payment of the judgment.

Judgment on the obligation to deliver possession.

Burnham brought suit at law against Oldham, upon the covenant to deliver possession, and recovered judgment for $71, and cost.

Bill for the title; decree and conveyance accordingly.

He also brought a suit in chancery for a title, and having obtained a decree therefor, a conveyance was accordingly made by a commissioner appointed by the court for that purpose, and the deed approved and recorded.

Burnham's bill for set-off against the judgment.

After this, Burnham filed his bill in equity, with injunction against the judgment recovered by Crews, in which he sets out the preceding facts, charges that Oldham's wife has not relinquished her dower to the land purchased by him, and threatens that she will never do so; that Oldham is insolvent, and unable to pay the damages recovered by him in the action on the covenant, for the delivery of possession; that the entire possession has never as yet been delivered; and he claims compensation for the rent of the land, which has accrued since the judgment on the covenant. He prays that the damages recovered in the action upon the covenant, the rent of the land which has since accrued, the cost of the suit at law, and the cost of the suit brought in chancery for a title, be set off against so much of the judgment of Crews, after reducing that judgment

to its value in specie, and also that such decree be rendered as may secure Burnham a just indemnity against the claim of Oldham's wife for dower in the land.

On hearing, the bill of Burnham was dismissed, with cost and damages, and he appealed.

The equity set up on account of the failure of Mrs. Oldham to relinquish her dower, is, under the circumstances of this case, of no avail. Having brought suit, obtained a decree for a title, and accepted the conveyance made by the commissioner under the decree, it is too late now for Burnham to object to paying for the land on the ground of possible danger from any future claim which may be asserted by Mrs. Oldham for dower, even were it admitted that the claim of Mrs. Oldham for dower might have been availing, (but which is not intended to be decided) if the suit had not been brought for a title, and the conveyance made.

Nor can the claim for accruing rents, since the judgment recovered by Burnham on the covenant, be sustained. In the action upon that covenant, breaches were assigned for not delivering the possession of the land, and having recovered judgment at law, equity cannot give its assistance by again trying the breaches of the covenant, and assessing damages beyond what has been found by the jury at law.

The damages recovered at law ought, however, we think, to have been set off against the judgment of Crews. Those damages were assessed for the breach of a covenant, which formed a part of the consideration of the note upon which the judgment of Crews was recovered, and ought, therefore, in equity and justice to be applied in extinguishing so much of Crews' judgment as will be equal in amount to the damages and cost, after reducing that judgment to its specie value. The cost of the suit in chancery for a title, upon the same principle, forms a good set off. Those costs are incidents to the same contract, and should be applied in extinguishing the judgment of Crews in the same way.

The decree must be reversed with cost, the cause

*Margin notes:*

BURNHAM
vs
OLDHAM &c.

Decree of the circuit court.

Payment of no part of the purchase money can be resisted on the grounds of the claim of vendor's wife to dower, after a conveyance obtained by suit in equity.

Vendee cannot set off against part of the purchase money the damages sustained for the retention of the land in possession by vendor subsequent to a recovery on the covenant to deliver the premises.

But the judgment so recovered may be set off in equity, because of the connexion.

BURNHAM
vs.
OLDHAM &c.

Mandate.

remanded to the court below, and, after taking the account according to the principles of this opinion, the injunction must be made perpetual for so much as the complainant, Burnham, may be found to be entitled to a set off for; and as to any balance of the judgment, the injunction must be dissolved, with cost and damages.

*Turner* and *Breck* for plaintiff; *Caperton* for defendant.